UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOE SIMON-WHELAN,                          :
                                           :   07-Civ-6423 (LTS) (AJP)
        Plaintiff,                         :
                                           :
    -against-                              :
                                           :
THE ANDY WARHOL FOUNDATION                 :
FOR THE VISUAL ARTS, INC., et al.,         :
                                           :
        Defendants.                        :
-------------------------------------------------------X
SUSAN SHAER,                               :
                                           :
        Plaintiff,                         :   10-Civ-0373 (LTS) (AJP)
                                           :
    -against-                              :
                                           :
THE ANDY WARHOL FOUNDATION                 :
FOR THE VISUAL ARTS, INC., et al.,         :
                                           :
        Defendants.                        :
-------------------------------------------------------X

## DECLARATION OF SETH REDNISS

I, SETH REDNISS, hereby declare as follows:

1.      I am sole member of the law firm Redniss LLC, co-counsel for plaintiffs Joe

Simon-Whelan and Susan Shaer ("Plaintiffs"). I submit this declaration in opposition to the

motion to withdraw as Plaintiffs' co-counsel filed by Browne Woods George LLP ("BWG") (the

"Motion") or, in the alternative, to request a 30-day stay if the motion is granted. This

declaration is submitted on the basis of personal knowledge, except where otherwise noted.

2.      Plaintiffs have had serious concerns about the quality of BWG's representation.

In mid-July 2010, BWG informed me and Plaintiffs that they were closing their New York office

and that all associates and support staff working on this matter were terminated. At the end of

July, Brian Kerr, who had been lead BWG counsel, had also been terminate. It became apparent

that BWG's economic condition impacted the ability of BWG lawyers to continue working on these cases, which resulted in severe uncertainty concerning BWG's intentions and understandably caused Plaintiffs distress and concern.

3.      By August 13, 2010, these problems had grown worse and, on August 15, 2010, Plaintiffs terminated BWG which at that point was only nominally counsel of record as they had stopped providing the majority of their legal services. In my August 18, 2010, application to the Court, I requested a 30-day stay of the action and the opportunity to discuss the circumstances surrounding the discharge in camera and ex parte so as to not prejudice the plaintiffs for reasons completely out of their (and my) control and which have no bearing on the merits of the cases. These requests were denied; however, I was given the opportunity to submit an ex parte affidavit which the court may decide to disclose to defense counsel. Now that I have retained ethics counsel to assist me with these issues, I feel comfortable providing the requested affidavit and will do so by Tuesday, September 7, 2010.

4.      While Plaintiffs still have serious concerns about the quality of the representation that they were receiving from BWG, because no stay was granted, and no replacement counsel can be found at this point, Plaintiffs have no alternative but to request that BWG continue to provide appropriate staffing and funding until such time as new counsel can be found. For these reasons, Plaintiffs oppose BWG's Motion.

5.      As set forth in my July 29, 2010, and August 18, 2010, letters to the Court, BWG has always been lead counsel in these matters, because, and as required under the terms of their engagement by Plaintiffs, they have the financial and legal resources, including specialized expertise in antitrust and class action litigation. BWG has advanced all costs and expenses necessary to prosecute these cases and has handled all the antitrust and class action issues.

6.       Despite substantial efforts since July, I have been searching for an appropriate substitute for BWG.  Despite these efforts, I have not been able to identify another firm to take these cases on a contingency basis given the procedural posture, complications from the antitrust issues, looming deadlines, substantial liens on fees from the bankruptcy estate of BWG's predecessor, Dreier LLP (the firm where BWG's New York office had practiced prior to Dreier LLP's dissolution) and threatened liens by BWG.

7.       Allowing BWG to withdraw now would leave Plaintiffs without counsel with the resources and experience to properly handle these cases.  My participation in these matters was always as part of a team and I am not in the position to litigate these cases alone under any circumstances, nor would it be consistent with my ethical obligations to take on an impossible task that would inevitably result in being unable to keep up with the work in these cases, as well as the work I am obligated to perform for different clients in other matters.  BWG is intimately familiar with the factual and legal issues (and in particular all antitrust and class action related issues), and has the manpower needed to handle the work.  Indeed, since June, BWG has filed at least one new action in the New York Courts that reflects staffing by BWG attorney Lee Weiss in New York together with BWG's Los Angeles office.

8.       Accordingly, BWG's Motion should be denied since withdrawal at this time without replacement counsel would result in the inability to meaningfully prosecute these claims and to defend against defendants' claims against Plaintiffs.  Further, I respectfully ask the Court to instruct BWG to provide appropriate staffing and funding as required by the terms of their engagement which is consistent with the level of service provided for the three years prior to BWG's NY closure.

9.       In the alternative, if the Court grants BWG's Motion, I respectfully request that the Court impose a stay of 30 days in both cases so that I may continue to search for substitute

counsel. If BWG's Motion is granted, I also request that the Court order BWG to turn over all case materials to me. If BWG is allowed to withdraw and retain Plaintiffs' files and materials, it will materially prejudice my clients. Rule 1.16(e) of the Rules of Professional Conduct (22 NYCRR 1200.0) specifically requires withdrawing lawyers to avoid prejudicing their client's rights which may include turning over client's files.

10.     If BWG is allowed to withdraw and a stay is not granted, or if a stay is granted but appropriate substitute counsel cannot be identified, I will have no choice but to move to withdraw from representing Plaintiffs in both actions due to my lack of resources and antitrust expertise.

11.     The terms of the written engagement letter between BWG and Mr. Joe Simon-Whelan specifically allow me to simultaneously withdraw as counsel if BWG withdraws.

12.     I respectfully request oral argument on the Motion.

13.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       September 1, 2010

                                             /s/ Seth Redniss
                                             SETH REDNISS