USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/30/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN SHAER

           Plaintiff,

-against-

THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, VINCENT FREMONT, VINCENT FREMONT ENTERPRISES, THE ANDY WARHOL ART AUTHENTICATION BOARD, INC., JOHN DOES 1-20, JANE DOES 1-10, and RICHARD ROES 1-10,

           Defendants.

10-CV-373 (LTS) (AJP)

ECF CASE

---

##  STIPULATION AND [PROPOSED] ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

WHEREAS, Plaintiff Susan Shaer ("Shaer") filed a complaint against the Defendants on or about January 15, 2010, entitled Susan Shaer v. The Andy Warhol Foundation for the Visual Arts, Inc., et. al., No. 1:10-CV-373 (LTS) (the "Shaer Action"), and filed an amended complaint on April 23, 2010;

WHEREAS the Shaer Action alleged that Defendants had engaged in a scheme of fraud, collusion and manipulation to control the market in works of art by the late Andy Warhol (hereinafter referred to as "Warhol artwork") by monopolizing the market for authentication of Warhol artwork as well as the market for buying and selling such artwork.

1

WHEREAS Plaintiff aggressively litigated this action including (1) conducting nine depositions of Defendants, agents and employees of Defendants and third-party witnesses; (2) serving ninety-six document requests on Defendants; (3) obtaining hundreds of thousands of pages of documents from Defendants in response to Plaintiff's document requests; (4) serving 18 document subpoenas on third-party individuals and receiving documents as a result of those document subpoenas; and (5) defending five depositions taken by Defendants.

WHEREAS Plaintiff and/or her counsel have had ample opportunity to review the extensive fact and expert discovery produced in this action by Defendants, Plaintiff, Joe Simon-Whelan, and other third-party individuals.

WHEREAS, the parties entered into a Settlement Agreement dated November 10, 2010 (the "Settlement Agreement") *[a copy of which is attached]*

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel, on behalf of their respective clients, that:

1. Plaintiff affirmatively represents that she has reviewed the documents produced in discovery, the fact depositions, and expert reports produced in this action and admits that there is no evidence, and she has never been aware of any evidence, that Defendants have ever engaged in any conspiracy, anticompetitive acts or any other fraudulent or illegal conduct in connection with the sale or authentication of Warhol artwork.

2. Plaintiff affirmatively represents that she has reviewed the documents produced in discovery, the fact depositions, and expert reports produced in this action and admits that there is no evidence, and she has never been aware of

2

any evidence, that Defendants have ever engaged in any monopolistic conduct of any sort, including in connection with the sale or authentication of Warhol artwork.

3. All parties voluntarily dismiss with prejudice all claims asserted in this action against each other, subject to the terms of the Settlement Agreement.

4. Other than the General Release set forth in the Settlement Agreement, Plaintiff will receive no consideration for her dismissal of such claims. Plaintiff acknowledges that she is dismissing and releasing her claims for no consideration because there is no evidentiary basis, nor has there ever been any evidentiary basis, for the assertion of any such claims against Defendants.

Dated: New York, New York
       November __, 2010

| REDNISS LLC | BOIES, SCHILLER & FLEXNER LLP |
|---|---|
| By: _____ | By: _____ |
| Seth Redniss, Esq. | Nicholas A. Gravante, Jr., Esq. |
| 79 Fifth Avenue, 16th Floor | 575 Lexington Avenue, 7th Floor |
| New York, New York 10003 | New York, New York 10022 |
| (212) 334-9200 | (212) 446-2300 |

*Attorney for Plaintiff Susan Shaer*

Philip J. Iovieno
Ryan T. McAllister
10 North Pearl Street, 4th Floor
Albany, New York 12207
(518) 434-0600

*Attorneys for Defendants The Andy Warhol Foundation for the Visual Arts, Inc., Andy Warhol Art Authentication Board, Inc., The Estate of Andy Warhol, Vincent Fremont, and Vincent Fremont Enterprises*

SO ORDERED:

_____
Hon. Andrew J. Peck
United States Magistrate Judge

BY ECF

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made as of the 10th day of November 2010, by, between and among plaintiff Susan Shaer ("Plaintiff"), and defendants The Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation"), the Estate of Andy Warhol, Vincent Fremont, Vincent Fremont Enterprises, and the Andy Warhol Art Authentication Board, Inc. (the "Authentication Board") (collectively, the "Defendants"). Plaintiff and Defendants are collectively referred to herein as the "Parties" and each, individually, as a "Party."

### RECITALS

WHEREAS, Plaintiff Susan Shaer ("Shaer") filed a complaint against the Defendants on or about January 15, 2010, entitled Susan Shaer v. The Andy Warhol Foundation for the Visual Arts, Inc., et. al., No. 1:10-CV-373 (LTS) (the "Shaer Action"), and filed an amended complaint on April 23, 2010;

WHEREAS, Defendants moved to dismiss the Shaer amended complaint, and filed a protective answer denying all liability to Plaintiff, and filed protective counterclaims against Plaintiff (the "Counterclaims");

WHEREAS, Plaintiff opposed Defendants' motion to dismiss and replied to each of the Counterclaims and denied all liability to the Defendants;

WHEREAS, the Parties now wish to settle and resolve their disputes as set forth herein and all claims that they may have against each other;

NOW THEREFORE, the Parties agree as follows:

1.   <u>Plaintiff's Dismissal</u>: Simultaneously with the execution of this Agreement, Plaintiff will dismiss with prejudice all of her claims asserted against Defendants in the Shaer Action by filing the Stipulation and [Proposed] Order annexed as Exhibit A hereto. Other than the General Release set forth in paragraph 6, Plaintiff will receive no consideration for her dismissal of such claims or for the General Release set forth herein below. Plaintiff acknowledges that she is dismissing and releasing her claims for no consideration because there is no evidentiary basis, nor has there ever been any evidentiary basis, for the assertion of any such claims against Defendants.

2.   <u>Defendants' Dismissal and Conditions</u>: Issue having never been joined, simultaneously with the execution of this Agreement, the counterclaims asserted in Defendants' protective answer filed on May 21, 2010 will be withdrawn with prejudice, subject to the following condition:

> Plaintiff agrees that she will not seek to profit nor obtain any profit, commercially or otherwise, in any way arising out of or related to the filing of the Action or any alleged dispute(s) she has with Defendants, including but not limited to publishing any book, being compensated for any interviews, selling any movie rights, or entering into any other profit-making venture that relates in any way to the facts alleged in the Shaer Action. However, nothing in this agreement shall be interpreted as precluding Plaintiff from attempting to sell or selling the work at issue in the Action ("Mearns Painting").

3.   <u>Defendants' Dismissal of Sanctions Motion</u>: Defendants agree to the withdrawal with prejudice of any and all pending motions for sanctions against Plaintiff's counsel in this action.

4.  <u>Violation of Conditions</u>: Plaintiff agrees that, in the event she violates the conditions referenced in paragraphs 2 or 9, notwithstanding the General Release in paragraph 6, Defendants may refile their counterclaims against Plaintiff. Plaintiff expressly and irrevocably waives the statute of limitations as a defense to any such reinstituted claims.

5.  <u>General Release of Defendants</u>: Plaintiff hereby discharges, releases and holds harmless Defendants and their officers, directors, employees, agents and attorneys from any and all rights, claims, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, foreseeable or unforeseeable, which the Plaintiff now has or ever had against Defendants from the beginning of time to the date of this Agreement.

6.  <u>General Release of Plaintiff</u>: Defendants hereby discharge, release and hold harmless Plaintiff and her agents and attorneys from any and all rights, claims, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, foreseeable or unforeseeable, which the Defendants now have or ever had against Plaintiff from the beginning of time to the date of this Agreement. Notwithstanding the foregoing, the terms of this General Release of Plaintiff shall not apply to any claim relating to any breach by Plaintiff of any term of this Agreement, including but not limited to the terms of paragraphs 2 and 9 of this Agreement and, in the event of any such violation, Defendants may seek any and all available remedies, including the reinstatement of their Counterclaims.

7.  <u>Successors, Subsidiaries, and Assigns</u>: This Settlement Agreement shall bind the representatives, successors, heirs, and assigns of the Parties.

8. <u>Legal Counsel</u>: Each of the Parties represents that in the execution of this Settlement Agreement, and the negotiations leading thereto, they have had the opportunity to consult legal counsel of their own selection.

9. <u>No Solicitation or Cooperation</u>: Plaintiff represents and warrants that she will not initiate or in any way or manner, directly or indirectly, solicit, encourage or cooperate with any person or entity in instituting or prosecuting any claim, proceeding or other legal action or process of any sort or nature whatsoever relating to the Shaer Action, whether before a federal or state judicial or administrative body, or before any arbitration or mediation panel, against Defendants. Plaintiff represents and warrants that she will not otherwise voluntarily participate in any such claim, proceedings or other legal actions or processes.

10. <u>Continuing Effect</u>: If any provision of this Settlement Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

11. <u>Authority</u>: Each of the Parties represents and warrants that it has all necessary power and authority to execute and deliver this Settlement Agreement and to perform its obligations hereunder.

12. <u>Construction</u>: The terms and language of this Settlement Agreement are the result of negotiations between the Parties, and there shall be no presumption that any ambiguities in this Settlement Agreement should be resolved against any of the Parties. Any controversy concerning the construction of this Settlement Agreement shall be decided without regard to authorship.

13. <u>Headings</u>: Paragraph headings or captions contained in this Settlement Agreement are used for reference only and shall not be deemed to govern or extend the terms of the Settlement Agreement.

14. <u>Necessary Acts</u>: The Parties agree to do any and all acts necessary and/or reasonably required in order to effectuate the purposes of this Settlement Agreement or to comply with its terms.

15. <u>Applicable Law</u>: This Settlement Agreement shall be construed in accordance with and be governed by the laws of the State of New York in effect as of the date of its execution without regard to New York conflicts of laws principles.

16. <u>Dispute Resolution; Jurisdiction, Service of Process and Notices</u>: Nothing in this Agreement shall preclude any party from instituting any proceeding to enforce the terms of this Agreement or from using the terms of this Agreement as a defense in any such proceeding. In the event there are any disputes regarding the interpretation of, or any legal action necessary to enforce, this Settlement Agreement, the Parties agree that the Honorable Andrew J. Peck, or any person appointed to succeed him, shall have exclusive jurisdiction to interpret the Settlement Agreement and resolve any such disputes. The Parties hereby submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for such purposes  The Parties shall serve any disputes regarding the interpretation of, or any legal action necessary to enforce, this Settlement Agreement, at the following addresses: (1) For Plaintiff: 370 Kenwood Street, Englewood, New Jersey; (2) For Defendants: 65 Bleecker Street, 7th Floor; New York, New York. If the Parties change addresses in the future, they agree to provide the other party with the change of address.

17. <u>Complete Agreement</u>: This Settlement Agreement constitutes the sole, only, entire and complete agreement of the Parties relating in any way to the settlement and dismissal of the Action. The terms of this Settlement Agreement may not be modified, except in a writing signed by the Parties hereto.

AGREED TO:

_____
SUSAN SHAER

_____
JOEL WACHS, President,
The Andy Warhol Foundation for the
Visual Arts, Inc. et al. on behalf
of the Defendants